UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CORNELIA WHITE,

       Appellant,

     v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

       Agency.

DOCKET NUMBER
AT-0752-16-0029-I-1

DATE: August 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Darryl A. Hines</u>, Esquire, Duluth, Georgia, for the appellant.

<u>Marie T. Ransley</u>, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed without a showing of good cause for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The following facts are undisputed.  On September 10, 2008, the agency issued a letter proposing the appellant's removal from her GS-13 Behavioral Scientist position based on a charge of physical/medical inability to perform the duties of her position.  Initial Appeal File (IAF), Tab 4 at 39.  The appellant received the letter at her home address and thereafter refused to receive or read any further correspondence from the agency.  IAF, Tab 9 at 5.  On October 14, 2008, the agency issued a decision letter, addressed to the same home address, indicating that the appellant would be removed effective October 17, 2008.  IAF, Tab 4 at 47–48.

¶3      The agency's removal notice informed the appellant of her right to appeal her removal to the Board within 30 days.  *Id.*  It also informed her that if she believed her removal was discriminatory she could file an equal employment opportunity (EEO) complaint within 45 days of the effective date of her removal and that she could file a Board appeal within 30 days of a final agency decision (FAD) on her discrimination complaint.  *Id.* at 48.

¶4　　　　On October 3, 2015, the appellant appealed her removal to the Board.  IAF, Tab 1.  She indicated that she received the removal decision letter on October 14, 2008, the date of issuance, but that her untimely filing should be waived because the removal notice lacked information regarding her right to file a mixed-case appeal.  *Id.* at 4, 6.  The agency filed a motion to dismiss the appeal as untimely.  IAF, Tab 4.  The administrative judge issued an order in which he informed the appellant that she had the burden of establishing the timeliness of her appeal by a preponderance of the evidence.  IAF, Tab 7 at 2.  The administrative judge further indicated that it appeared that her appeal was untimely because it was filed almost 7 years after the October 17, 2008 effective date of her removal, and directed her to submit evidence and argument showing that her appeal was timely or that there was good cause for the delay.  *Id.* at 2-3; IAF, Tab 4 at 47.

¶5　　　　The appellant filed a response in which she asserted that her appeal was timely pursuant to 5 C.F.R. § 1201.154(b) because it was filed within 30 days of the issuance of the September 30, 2015 FAD in her EEO complaint No. 410-2011-00232X.  IAF, Tab 8 at 9; *see* IAF, Tab 5 at 70.  Alternatively, she contended that the filing deadline should be waived based on the following arguments:  (1) the agency failed to serve the removal letter on the attorney representing her in her EEO complaint; (2) the removal letter failed to advise her of her right to file a mixed-case appeal; and (3) she was mentally incapacitated until 2012 or 2013.  IAF, Tab 8 at 13, 15, 17–19, 721.  The agency replied in opposition to the appellant's response.  IAF, Tab 10.

¶6　　　　Without holding the requested hearing, the administrative judge dismissed the appeal as untimely filed without good cause shown for the filing delay.  IAF, Tab 11, Initial Decision (ID) at 1.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition, to which the appellant has replied.  PFR File, Tabs 3–4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7     Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the action being challenged or 30 days after receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  However, an appellant who was subject to an action that is appealable to the Board and filed a timely formal discrimination complaint with the agency may appeal either (1) within 30 days after receipt of the agency resolution or final decision on the complaint, or (2) at any time after the expiration of 120 calendar days if the agency has not resolved the matter or issued a final decision within the 120–day period.  5 C.F.R. § 1201.154(b).  The appellant bears the burden of proving the timeliness of her appeal.  5 C.F.R § 1201.56(b)(2)(i)(B).

¶8     Here, the administrative judge correctly rejected the appellant's argument that her appeal was timely based on the September 30, 2015 FAD in her EEO complaint.  ID at 4.  The administrative judge found that the appellant failed to establish that her EEO complaint was a mixed–case complaint or that her removal was an accepted issue in her complaint.  ID at 4–6.  This finding is supported by the EEO documents in evidence, including the appellant's April 2008 formal complaint, a November 2011 remand order issued by the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO), and the September 30, 2015 FAD, none of which list removal as an accepted issue.  IAF, Tab 4 at 36, Tab 5 at 4, 70–71.  Furthermore, by order dated March 3, 2014, the presiding EEOC administrative judge expressly rejected the appellant's motion to amend her complaint to include the issue of removal.[2]  IAF, Tab 5 at 26–27.  Accordingly, we agree with the administrative judge that the time limits of 5 C.F.R. § 1201.154 do not apply.  ID at 4.

¶9     We further agree with the administrative judge that the appellant failed to prove she filed her appeal within 30 days of the effective date of her removal or

---

[2] According to the agency, the appellant's appeal of the agency's September 30, 2015 FAD is pending before OFO.  PFR File, Tab 3 at 10 n.6.

her receipt of the removal decision. ID at 6–7. In the timeliness order, the administrative judge advised the appellant that it appeared that the 30–day period for filing her appeal began on October 17, 2008. IAF, Tab 7 at 2. He further indicated that, to the extent that she was arguing that the apparent untimeliness of her filing was the result of late receipt of the removal notice, she must provide evidence and argument as to the date she received the notice. *Id.* at 3. In her response, the appellant did not allege that she failed to receive the notice or that she received the notice after October 17, 2008. IAF, Tab 8 at 17. Instead, in a statement attached to her response, she admitted that, after receiving the September 7, 2008 proposed removal from the agency, she intentionally refused to receive or read any further correspondence from the agency, and she does not recall reading or receiving the removal notice. IAF, Tab 9 at 5. Under these circumstances, we agree with the administrative judge that the appellant failed to establish that her appeal was timely filed. ID at 6–7.

¶10    On review, the appellant reasserts her argument that the agency was required to serve the removal decision on her attorney, and she contends that the time limits did not start until he was served. PFR File, Tab 1 at 16. The appellant refers to a January 2008 email she sent to an EEO counselor regarding her pending EEO complaint in which she requested that further correspondence be directed to the attorney representing her in the EEO matter.[3] IAF, Tab 8 at 721, Tab 9 at 5. As noted by the agency, the appellant has provided no evidence indicating that she made this request outside the context of her EEO case, and she has not explained why neither she nor her attorney informed the

---

[3] The appellant referred to this request as a "resolution" to her EEO complaint. IAF, Tab 8 at 721. As part of the requested resolution, she also indicated that she did not want to receive direct correspondence from certain agency officials. *Id.* The officials who signed her proposed removal and removal decision were not included in that list. *Id.*

agency of this preference after she received the September 7, 2008 proposed removal, which was not copied on her attorney.[4]  PFR File, Tab 3 at 16.

¶11    Moreover, the administrative judge correctly found that the appellant and her attorney received a copy of the removal notice as part of the 2009 Report of Investigation (ROI) in her EEO case.  ID at 7.  On review, the appellant argues that the February 2009 date on the ROI does not indicate the date the ROI was mailed or the date it was received by her or her attorney.  PFR File, Tab 1 at 9. As noted by the agency, however, the evidence supports a finding that the ROI was received prior to the appellant's request for a hearing and before the March 2010 decision of the presiding EEOC administrative judge.  PFR File, Tab 3 at 13–14; IAF, Tab 5 at 5.  Furthermore, the appellant's assertion, through her attorney, that she and her attorney first read the removal decision in March 2014 is contradicted by the evidence of record.  IAF, Tab 8 at 17.  The November 2010 OFO decision noted that the appellant was removed effective October 14, 2008.   IAF, Tab 5 at 8.   Moreover, the appellant's attorney specifically pointed out the location of the removal decision within the ROI as part of the appellant's February 4, 2014 motion to amend her EEO complaint.  *Id.* at 11.   Accordingly, we find no reason to disturb the administrative judge's finding that the appellant's October 3, 2015 appeal was not timely filed.  ID at 7.

¶12    We further agree with the administrative judge's finding that the appellant failed to establish good cause for her filing delay.  ID at 11.  To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).   To determine if an appellant has shown good cause, the Board will consider the

---

[4] The appellant's attorney sent a response to the proposed removal, but it was mailed outside the 15–day time period provided in the proposal notice, and it appears that it was not received by the agency prior to the issuance of the removal decision.  IAF, Tab 4 at 40, 42, 47.  The letter did not indicate that the appellant was unable to receive correspondence at her address.  *Id*. at 42.

length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶13    On review, the appellant reasserts her argument that the agency's removal letter contained confusing appeal rights and that this provides good cause for her untimely filing. PFR File, Tab 1 at 23. The removal letter, however, notified the appellant that she had 30 days from the effective date of the decision to file a Board appeal and 45 days from the effective date to file an EEO complaint. IAF, Tab 4 at 47–48. We agree with the administrative judge that the appellant failed to show how this information caused her to wait 7 years to file her Board appeal. ID at 9.

¶14    We also agree with the administrative judge that the appellant failed to establish that she had a mental illness that prevented her from filing a timely appeal or requesting an extension. ID at 10. The administrative judge provided the appellant with proper notice of the requirements for establishing good cause based on illness. IAF, Tab 7 at 4; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). In her response to the order, the appellant did not submit any medical documents establishing the severity of her condition but she alleged that, until late 2012, she took medications that "at times" made her lethargic, disoriented, and unable to focus. IAF, Tab 9 at 5. As noted by the administrative judge, however, the appellant's ability to pursue her EEO claim, in combination with evidence indicating that she was able to continue with her part-time work teaching college–level classes during the period at issue, supported a finding that her mental illness was not sufficiently severe to prevent her from filing her appeal or requesting an extension. ID at 10; *see, e.g.*, *Sing v.*

*Department of the Navy*, 51 M.S.P.R. 251, 253–54 (1991) (finding that the appellant's medical condition that was "complex and involve[d] not only physical but also emotional and interpersonal issues" was not of sufficient severity or duration to prevent him from timely filing).

¶15      Here, the appellant is represented by counsel and her almost 7–year delay in filing is significant. We agree with the administrative judge that the failure of the appellant or her attorney to read the removal notice upon receipt does not show the due diligence necessary to constitute good cause for a delay in filing. ID at 7; *see Williams v. Office of Personnel Management*, 59 M.S.P.R. 399, 401 (1993). Considering the record as a whole, we agree with the administrative judge that the appellant did not establish good cause for her untimely filing. Accordingly, we find that the administrative judge properly dismissed the appeal as untimely filed without good cause shown for the delay.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court–appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.